TERRANCE M. TROTMAN, Petitioner Below-Appellant,
v.
STATE OF DELAWARE, Respondent Below-Appellee.
No. 176, 2009.
Supreme Court of Delaware.
Submitted: May 12, 2009.
Decided: June 5, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This fifth day of June 2009, after careful consideration of the appellant's opening brief and the State's motion to affirm, as well as the State's response to the Court's request for supplemental information, it appears to the Court that:
(1) The appellant, Terrance Trotman, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. Trotman sought habeas relief on the ground that he is being held beyond the maximum expiration date of his sentence because he was never properly credited with time he served on his sentence between the date of his arrest and his sentencing date. He also argued his entitlement to credit for good time he has earned since his incarceration. The State filed a motion to affirm the Superior Court's denial of habeas relief on the ground that habeas corpus was not the proper remedy for seeking credit for time served or good time earned.
(2) After considering the opening brief and motion to affirm, we directed the State to respond to the merits of Trotman's contention that the Superior Court's sentencing order had failed to properly credit Trotman with 169 days of time served between arrest and sentencing and to Trotman's assertion that he had not received credit for 49 days of good time that he had earned during his incarceration. The State's response reflects that Trotman was held in a juvenile detention facility for 156 days prior to the Superior Court's imposition of sentence and that the Superior Court's sentencing order failed to properly credit this time against Trotman's sentence.[1] The State also confirmed Trotman's contention that he has accrued twenty-four days of good time while incarcerated, but has not yet been able to confirm Trotman's entitlement to the other twenty-five days. The State agrees that if Trotman is credited with the time the State has confirmed he is entitled to be credited with, then Trotman would be eligible for immediate release to serve the probationary portion of his sentence.
(3) Under these circumstances, the State now requests that the matter be remanded to the Superior Court for the issuance of a modified sentencing order that reflects credit for the time Trotman served at Level V incarceration prior to his September 23, 2008, sentencing. The State also suggests that if Trotman has served more than the twelve months of incarceration to which he was sentenced, then he should be given credit in the future for that excess time in the event of any future probation violation. We agree with the State's position.
NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the Superior Court for the issuance of a modified sentencing order crediting Trotman for all time served. Jurisdiction is not retained.
NOTES
[1] See 11 Del. C. § 3901(b) (providing that, when a defendant was incarcerated following arrest in lieu of making bail, the sentence should begin to run from the date of incarceration, thus crediting the defendant with all time served between arrest and sentencing).